UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MILITELLO,

      Petitioner,

 -v-                                                18-CV-1119-A
                                                          13-CR-165-A
UNITED STATES OF AMERICA,                   **ORDER**

      Respondent.
_____

The petitioner, Peter Militello, appearing *pro se*, moves to have his sentence reduced pursuant to 28 U.S.C. § 2255 on grounds that the Court did not address certain potential grounds for downward departures when imposing sentence. For the reasons stated below, the Court finds the Petition is untimely.

Under 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking sentence by a person in federal custody. The limitation period runs from the latest of --

> (1)    the date the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

1

28 U.S.C. § 2255.

The Court find the judgment in this case became final, for purposes of 28 U.S.C. § 2255(f)(1), on October 2, 2017, when the United States Supreme Court denied a petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *and Rosa v. United States*, 785 F.3d 856, 857 (2d Cir. 2015) (Finality attaches upon ". . . the denial of certiorari, not from the denial of rehearing of the certiorari petition." *Id.*) The instant Petition is undated, but is accompanied by a letter and signed on October 4, 2018, Dkt. No. 79, p. 10, and appears to be post-marked October 5, 2018, more than one year after the judgment became final. A supplemental filing by petitioner, Dkt. No. 81, confirms that the Petition was untimely, and suggests no grounds for equitable tolling of the limitation period.

Approximately eleven months before filing the Petition, petitioner sought appointment of counsel to assist him in preparing a § 2255 petition in a letter that suggested petitioner felt his sentencing counsel might have been constitutionally ineffective. Dkt. No. 77. The request for appointment of counsel was denied. Petitioner blames that same counsel for the late filing of the *pro se* Petition. Dkt. No. 81. Nevertheless, because the Petition complains only that the Court did not address grounds for downward departures when imposing sentence upon the petitioner, and because the sentence of 360 months imprisonment and 10 years of supervised release was not a miscarriage of justice, the Court finds no reasons sufficient to suspend or toll the limitations period. The Petition is therefore dismissed and the Clerk shall enter

2

Judgment dismissing the Petition as untimely.

**SO ORDERED.**

                                                                         *s/Richard J. Arcara*

_____                Richard J. Arcara
                                                     United States District Judge

DATED:  January 23, 2019
             Buffalo, NY